### WITHAM v
### KROGER GROCERY & BAKING CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 6, 1935

Robert W. Brown, Cincinnati, Stewart S. Cooper, Cincinnati, and Shook, Davies, Hoover & Beall, Cincinnati, for plaintiff in error.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

Plaintiff prosecutes error to this court.

It is urged by plaintiff in error that the judgment is against the weight of the evidence.

At the request of plaintiff, the court gave special charges Nos. 1, 2 and 3. In these charges the court gave the pure food section §12760, GC, and in substance told the jury that if the deleterious matter was in the flour when sold, want of knowledge of the fact would not excuse defendant from liability; neither would it excuse the defendant if the substance was allowed to get in the flour by the Maney Milling Company, the manufacturer of the flour. Under the law as given to jury by the court, the jury had two questions before it, to-wit: was the glass in the flour when purchased; and second, if so, did the glass cause the injuries complained of?

There are some four hundred pages of evidence. There is no direct evidence as to when and how the glass and other matter got into the flour. There was found in the sack of flour, quantities of glass, sticks, matches, a dead mouse, some animal fur, and wire.

The plaintiff's evidence tended to show that the deleterious matter must have been in the flour when purchased, as the sack was not opened from the time it was purchased until plaintiff opened it at her home and took out flour for the biscuits.

The defendant's evidence tended to show that the foreign materials could not have been in the flour when purchased, as the sack is automatically filled at the mills from bins through a shoot to which the bag is attached and then sealed; that the shipment is in car lots and distributed to the chain of retail groceries of the defendant company; and that at the time of the purchase the bag was still tied with the miller's knot. Some evidence was put in challenging the veracity of some of the plaintiff's witnesses. From this it is plain that in the absence of direct proof; the inferences must be drawn by the jury. It was also the province of the jury to pass

upon the credibility of the witnesses, all bearing upon the question of whether or not the glass and other substances was in the flour when sold.

The question as to the cause of the injuries, complained of, if any, was also in dispute.

Plaintiff's doctors testified that her impaired health was caused by eating the glass in the biscuits. Defendant's experts gave evidence to the effect that there was little, if anything, wrong with the plaintiff, and if there was, there were no symptoms of glass and the X-Ray examination disclosed none in the stomach. Again, this presented a pure jury question.

We do not know whether the jury found against plaintiff upon one or both issues, as no interrogatories were requested. Enough has been stated to show that this court cannot disturb the judgment on the weight of the evidence.

Defendant offered depositions showing the method and manner of making flour, the method of filling the sacks, and the conditions in the mills. Plaintiff objected to the reading of these depositions, and allege their admission as error. The depositions were properly admitted. The testimony bears directly on the question of the condition of the flour and the unlikelihood that such a quantity of deleterious matter was in the sack when sold at retail. The isolated questions objected to were not prejudicial. They were simply to the effect that the miller was high-class and no complaints were received before the one at bar.

Complaint is made that the court failed to place the burden of proof in charging contributory negligence. There was no request by plaintiff for any additional charge on the burden of proof on contributory negligence. The court stated in the charge that: "if this sack of flour, as it was sold and delivered to her husband, contained glass or other foreign substances, and without knowing same were in the flour, or being able to know they were there by the reasonable exercise of her senses, sight, taste or touch, she made some of the flour into biscuits and ate the same to her injury, she then is entitled to be reasonably compensated for such injuries * * *." This was not a charge on contributory negligence. The charge is to the effect that if she was without knowledge of the presence of the foreign substances, that what she did in the absence of such knowledge would not defeat recovery. Moreover, under the two issue rule, this error cannot be considered in the absence of special interrogatories.

It is complained that error intervened in the action of the court and jury after the case was submitted to the jury. It appears from the record that the jury put the following question to the court:

"Judge this looks to the jury like rabbit fur; is there any way we can find out?"

Signed, "Foreman Alexander."

The court informed the jury that it had heard the evidence, arguments of counsel, and the charge of the court as to the law. That it (the jury) should go in and work out the case as best it could, without sending in questions for the court to answer. We see nothing wrong in what transpired here. It only indicated that the jury was puzzled as to the character of one exhibit. The action of the court was entirely correct.

Another complaint is that while the jury was considering the case, the foreman handed the bailiff a slip of paper on which was written:

"Your Honor, can you tell me why this case was not filed in another county?"

Signed, "Foreman Alexander."

The record discloses that the court inquired for counsel at the time and the only counsel present was Mr. Cooper, of counsel for plaintiff. The court thereupon told the bailiff to tell the jury that the court did not care to give any answer to the question. Mr. Brown, the bailiff, testified that he thereupon told the jury that the judge didn't know why the case was filed here. Then follows:

"Judge Shook: Note my exception to the court's ruling."

Just what Judge Shook objected to, we do not know. The court had made no ruling, at least, none is in the record, unless it be considered that the fact that he did not care to answer the question was a ruling of law.

Had plaintiff's counsel moved for a mistrial, it is quite possible, the trial court would have granted it. If refused, error might have been predicated upon the refusal. No error resulted in the absence of such a motion.

Finding no prejudicial error in the record, the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.