MENTE, APPELLEE, *v.* ALBERS SUPER MARKETS, INC., ET AL., APPELLANTS.

(No. 7474—Decided December 10, 1951.)

Messrs. *Lindhorst & Dreidame,* for appellee.
Messrs. *Clark, Pogue & Williams,* for appellants.

HILDEBRANT, P. J. This appeal on questions of law is from a judgment entered on a jury verdict awarding damages to plaintiff for injuries sustained by reason of the partial consumption of a wiener or "hotdog" containing a foreign substance.

The plaintiff submitted her case on her own testimony and that of her mother-in-law.

It is not controverted that plaintiff purchased the wiener involved in a sealed package at a retail outlet of the defendant, excluding the possibility of any foreign substance getting in the wiener while in the store.

The court excluded as immaterial proffered testimony on behalf of the defendant as to who manufactured and the method of manufacture of the wiener, calculated to prove the impossibility of any foreign substance getting into the wiener during its process of manufacture.

The burden of proof rested upon the plaintiff to prove that the wiener actually contained a foreign substance, so that evidence by the manufacturer detailing the method of processing and manufacture of the particular wiener involved seems logically to be material, relevant and probative on the likelihood of any foreign substance getting into the product during such processing and manufacture.

The sole testimony that the wiener contained a foreign substance coming from the plaintiff and her mother-in-law, it became the peculiar province and duty of the jury to judge of the credibility of those witnesses in determining the ultimate fact to be proved.

The proffered evidence reflecting on defendant's

claim that it was impossible for a foreign substance to get into the product during processing and manufacture seems likewise material, relevant and of probative force in aiding the jury in its duty of determining the credibility of the witnesses.

The principles adhered to by this court in *Witham* v. *Kroger Grocery & Baking Co.,* 51 Ohio App., 499, 1 N. E. (2d), 949, are both applicable and decisive of this case.

It, therefore, appears that the exclusion of the proffered testimony was error, prejudicial to the defendant, and for that reason the judgment is hereby reversed and the cause remanded for further proceedings according to law.

No other error prejudicial to appellant is apparent upon the record.

*Judgment reversed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur.